B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT<br>Northern District of Illinois | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>COPPOLA, LEONARD GABRIEL | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>COPPOLA, CLAUDIA A CASCONE |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>CLAUDIA A CASCONE |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>7881 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>7469 |
| Street Address of Debtor (No. and Street, City, and State):<br>495 OXFORD LN<br>CRYSTAL LAKE ILLINOIS<br>ZIP CODE 60014 | Street Address of Joint Debtor (No. and Street, City, and State):<br>495 OXFORD LN<br>CRYSTAL LAKE ILLINOIS<br>ZIP CODE 60014 |
| County of Residence or of the Principal Place of Business:<br>MCHENRY | County of Residence or of the Principal Place of Business:<br>MCHENRY |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | F I L E D<br>UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>MAR 22 2013<br>GARDNER, CLERK<br>PS REP. - LR |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (12/11)                                                               Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | COPPOLA, LEONARDO / COPPOLA, CLAUDIA |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)                                                                                                      Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | COPPOLA, LEONARDO / COPPOLA, CLAUDIA |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X    LEONARDO G COPPOLA<br>      Signature of Debtor<br><br>X    CLAUDIA A COPPOLA<br>      Signature of Joint Debtor<br>      773-818-0480<br>      Telephone Number (if not represented by attorney)<br>      03/17/2013<br>      Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>    (Printed Name of Foreign Representative)<br><br>_____<br>    Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>   Signature of Attorney for Debtor(s)<br><br>_____<br>   Printed Name of Attorney for Debtor(s)<br><br>_____<br>   Firm Name<br><br>_____<br>   Address<br><br>_____<br>   Telephone Number<br><br>_____<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br><br>_____<br>   Printed Name of Authorized Individual<br><br>_____<br>   Title of Authorized Individual<br><br>_____<br>   Date | _____<br>   Address<br><br>X _____<br>   Signature<br><br>_____<br>   Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re COPPOLA, LEONARDO GABRIEL

Debtor

Case No._____

(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: LEONARDO COPPOLA

Date:   03/18/2013

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## <u>Northern</u> District of <u>Illinois</u>

In re <u>COPPOLA, CLAUDIA ANN</u>                      Case No._____
Debtor                                          (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☑ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

❒ Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: 3/17/13 _____

B6 Cover (Form 6 Cover) (12/07)


## FORM 6.  SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtors(s)

Unsworn Declaration Under Penalty of Perjury


GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be identified with the debtor's name and case number.  If the schedules are filed with the petition, the case number should be left blank.

Schedules D, E, and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not list the same claim twice.  If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

Northern       District Of       Illinois

In re   COPPOLA, LEONARDO GABRIEL                    Case No. _____
                    Debtor
                                                     Chapter _____7_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $309,500 | | |
| B - Personal Property | YES | 3 | $762,657 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 3 | | $2,537,053 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $ 64,800 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $163,385 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $2,426 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $3,629 |
| TOTAL | | 20 | $1,072,157 | $2,765,238 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court

### Northern District Of Illinois

In re COPPOLA, LEONARDO GABRIE

Debtor

Case No. _____

Chapter ___7___

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 64,800 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0 |
| Student Loan Obligations (from Schedule F) | $ 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0 |
| TOTAL | $64,800 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $2,426 |
| Average Expenses (from Schedule J, Line 18) | $3,629 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $-1,203 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $1,573,253 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 64,800 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0 |
| 4. Total from Schedule F | | $163,385 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $1,736,638 |

B6A (Official Form 6A) (12/07)

In re  COPPOLA, LEONARDO GABRIEL    ,                    Case No. _____
          Debtor                                                                                        (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| SINGLE FAMILY RESIDENTIAL 495 OXFORD LANE CYSTAL LAKE IL 60014 | FEE SIMPLE, HOMESTEAD | J | 250,000 | 220,000 |
| COMMERCIAL RETAIL CONDO 2954 N PULASKI RD UNITS 1, 2, 3 CHICAGO IL 60641 | FEE SIMPLE | H | 45,000 | 288,000 |
| RESIDENTIAL LOT W/ GARAGE 2705 HAMLIN CHICAGO IL 60647 | FEE SIMPLE | H | 9,500 | 0 |
| RESIDENTIAL LOT 1654 N KEELER CHICAGO IL 60639 | FEE SIMPLE | H | 5,000 | 0 |

Total▶  309,500

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re    COPPOLA, LEONARDO GABRIEL    ,          Case No. _____
             Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | CASH  495 OXFORD LN CRYSTAL LAKE IL | H | 3,450 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | PNC BANK ACCT 46-4674-XXXX | W | 207 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | N | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | HOUSEHOLD GOODS, FURNITURE, COMPUTER | J | 3,500 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | MISC BOOKS, CDS | J | 0 |
| 6. Wearing apparel. | | PERSONAL CLOTHING | J | 500 |
| 7. Furs and jewelry. | N | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | N | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | NORTHWESTERN MUTUAL POLICY 15-331-146; 14-984-667 AND 14-984-658 | J | UNKNOWN VALUE |
| 10. Annuities. Itemize and name each issuer. | | NORTHWESTERN MUTUAL POLICY 15-331-146; 14-984-667 AND 14-984-658 | J | UNKNOWN VALUE |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | N | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re COPPOLA, LEONARDO GABRIEL_____,          Case No. _____
                    **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | N | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | MAKENDY INVST CORP    100% MASON PROPERTY CO / KEDVALE HOUSE | H | 752,000 |
| 14. Interests in partnerships or joint ventures.  Itemize. | N | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | N | | | |
| 16. Accounts receivable. | N | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | N | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | N | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | N | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | N | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | N | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re _____COPPOLA, LEONARDO GABRIEL_____,        Case No. _____
                   **Debtor**                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | N | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | N | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | N | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 TOYOTA 4RUNNER      1,800<br>1995 MERCURY VILLAGER     700 | J | 2,500 |
| 26. Boats, motors, and accessories. | N | | | |
| 27. Aircraft and accessories. | N | | | |
| 28. Office equipment, furnishings, and supplies. | N | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | N | | | |
| 30. Inventory. | N | | | |
| 31. Animals. | N | | | |
| 32. Crops - growing or harvested. Give particulars. | N | | | |
| 33. Farming equipment and implements. | N | | | |
| 34. Farm supplies, chemicals, and feed. | N | | | |
| 35. Other personal property of any kind not already listed. Itemize. | N | | | |

_____1_____ continuation sheets attached     Total▶    $   762,657

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (12/07)

In re ___COPPOLA, LEONARDO GABRIEL___,          Case No. _____
           **Debtor**                                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $136,875.
  ☐  11 U.S.C. § 522(b)(2)
  ☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| HOMESTEAD<br>495 OXFORD LN<br>CRYSTAL LAKE IL 60014 | 735 ILCS 5/12-901<br>MARRIED/JOINT | 30,000 | 250,000 |
| MOTOR VEHICLE | 735 ILCS 5/12-1001(C)<br>DEBTOR | 2,400 | 1,800 |
| MOTOR VEHICLE | 735 ILCS 5/12-1001(C)<br>CO-DEBTOR | 2,400 | 700 |
| WEARING APPAREL | 625 ILCS 45/3A-7<br>735 ILSC 5/12-1001(a)<br>thru 1001(e) | 2,000 | 1,000 |

\* 1 continuation sheet attached

B6C (Official Form 6C) (12/07)

In re ____COPPOLA, LEONARDO GABRIEL____,          Case No. _____
          **Debtor**                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $136,875.
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| PERSONAL PROPERTY, HOUSEHOLD GOODS, FURNITURE AND COMPUTER | 735 ILCS 5/12-1001(a) thru 1001(e) | 4,000 | 3,500 |
| WAGES/CASH ON HAND | 735 ILCS 5/12-803 740 ILCS 170/4 | 3,450 | 3,450 |
| WAGES/CHECKING ACCT | 735 ILCS 5/12-803 740 ILCS 170/4 | 207 | 207 |
| *CONTINUATION SHEET | | | |

B6D (Official Form 6D) (12/07)

In re ___COPPOLA, LEONARDO GABRIEL___,      Case No. _____
　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

　　　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

　　　　List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

　　　　If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

　　　　If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

　　　　Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐　　Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 64652023 <br><br> BANK OF AMERICA NA <br> PO BOX 650225 <br> DALLAS TX 75265-0225 | | H | 11/2005 <br> 495 OXFORD LN <br> CRYSTAL LAKE IL <br> HOME EQUITY 2ND MORTGAGE <br><br> VALUE $ 250,000 | | | | 68,200 | 0 |
| ACCOUNT NO. 412530097743 <br><br> CHASE BANK NA <br> PO BOX 9001020 <br> LOUISVILLE KY 40290 | | W | 09/2005 <br> 495 OXFORD LN <br> CRYSTAL LAKE IL <br> HOME EQUITY FIRST MORTGAGE <br><br> VALUE $ 250,000 | | | | 150,200 | 0 |
| ACCOUNT NO. 26155 <br><br> PROVEST REALTY SERVICES INC <br> 150 N MICHIGAN AVE #2800 <br> CHICAGO IL 60601 | | H | 05/2007  06/2010 <br> 2954 N PULASKI RD <br> UNITS 1, 2 AND 3 <br> COMMCL CONDO <br> PURCHASE MONEY MORTGAGE/JUDGMNT <br><br> VALUE $ 45,000 | | | | 368,500 | 323,500 |

__2__ continuation sheets attached

Subtotal ► (Total of this page)　　　$ 586,900　　　$ 323,500

Total ► (Use only on last page)　　　$　　　$

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) – Cont.

In re _____COPPOLA, LEONARDO GABRIEL_____,        Case No. _____
        **Debtor**                                          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 50955<br>PROVEST REALTY SERVICES INC<br>150 N MICHIGAN AVE #2800<br>CHICAGO IL 60601 | X | H | 06/17/2010<br>6724 ECHO LANE<br>WESTMONT IL 60559<br>JUDGMENT LIEN<br>+ ACTIVE LITIGATION<br>DUPAGE COUNTY<br><br>VALUE $ 300,000 | X | X | | 323,500 | 23,500 |
| ACCOUNT NO. 10L050955<br>PROVEST REALTY SERVICES INC<br>150 N MICHIGAN AVE #2800<br>CHICAGO IL 60601 | X | H | 06/14/2010<br>3601 W WRIGHTWOOD<br>2139 N KEDVALE<br>2542 N MASON<br>JUDGMENT LIEN COOK<br>COUNTY 10L050955<br><br>VALUE $ 400,000 | | | | 284,400 | 0 |
| ACCOUNT NO. 12L051195<br>EDGEBROOK BANK<br>6000 W TOUHY AVE #1<br>CHICAGO IL 60646 | X | H | 06/30/2010<br>6724 ECHO LANE<br>WESTMONT IL 60559<br>JUDGMENT LIEN - COOK<br>COUNTY<br><br>VALUE $ 300,000 | | | | 150,000 | 150,000 |
| ACCOUNT NO. 12L051195<br>EDGEBROOK BANK<br>6000 W TOUHY AVE #1<br>CHICAGO IL 60646 | X | W | 09/2012<br>2954 N PULASKI RD<br>CHICAGO IL 60641<br>CMMCL GUARNTY NOTE<br>SUB TO MORTG/JUDGMT<br><br>VALUE 45,000 | | | | 157,000 | 157,000 |
| ACCOUNT NO. 12L051195<br>EDGEBROOK BANK<br>6000 W TOUHY AVE #1<br>CHICAGO IL 60646 | X | W | 09/2012<br>3601 W WRIGHTWOOD<br>CHICAGO IL 60647<br>COMMCL GUARNTY<br>NOTE<br><br>VALUE *CONTINGENT ASSET | | | | 750,000 | 750,000 |

Sheet no. __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page) | $ 1,664,900 | $ 1,080,500

Total(s) ▶
(Use only on last page) | $ | $

(Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) – Cont.

2

In re ___COPPOLA, LEONARDO GABRIEL___,      Case No. _____
          **Debtor**                                              **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.121051195<br><br>EDGEBROOK BANK<br>6000 W TOUHY AVE #1<br>CHICAGO IL 60646 | X | W | 09/2012<br>4005 W WELLINGTON #2<br>CHICAGO IL 60641<br>CMMCL GUARNTY NOTE<br>JUDGE LIEN COOK<br>COUNTY 12-L-051195<br>VALUE $ 15,000 | | | | 125,400 | 110,400 |
| ACCOUNT NO. 91003487<br><br>EDGEBROOK BANK<br>6000 W TOUHY AVE #1<br>CHICAGO IL 60646 | X | W | 09/2012<br>7612 CUMBERLAND<br>HANOVER PARK IL 60133<br>CMMCL GUARNTY NOTE<br>JUDGE LIEN COOK<br>COUNTY 12-L-051195<br>VALUE $ 125,000 | | | | 101,000 | 0 |
| ACCOUNT NO. 1001, 1002, 1003<br><br>WELLINGTON & PULASKI<br>CONDO ASSOCIATION INC<br>1751D W HOWARD ST<br>CHICAGO IL 60626 | | H | 01/2013<br>2954 N PULASKI RD<br>CHICAGO IL 60641<br>STATUTORY LIEN<br><br>VALUE $ 45,000 | | | | 58,853 | 58,853 |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (s)▶<br>(Total(s) of this page) | $ 285,253 | $ 169,253 |
| Total(s) ▶<br>(Use only on last page) | $2,537,053 | $1,573,253 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (12/07)

In re COPPOLA, LEONARDO /COPPOLA, CLAUDIA ,          Case No._____
                    **Debtor**                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B6E (Official Form 6E) (12/07) – Cont.

In re _____COPPOLA, LEONARDO GABRIEL_____ ,        Case No._____
                    **Debtor**                                                    **(if known)**

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___2___ continuation sheets attached

B6E (Official Form 6E) (12/07) – Cont.

In re COPPOLA, LEONARDO GABRIEL         ,         Case No. _____
               Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.    7881<br><br>IRS<br>PO BOX 149338<br>AUSTIN TX 78714-9338 | | J | 08-13-2012<br><br>FOR TAX YEAR 2010<br><br>DISTRIBUTION OF IRA | | X | | 25,000 | 25,000 | 0 |
| Account No.   19-06-376-006<br><br>CENTRAL BUYER CORP<br>820 CHURCH STREET<br>EVANSTON IL 60201<br><br>495 OXFORD LN CRYSTAL LAKE | | J | 09-2012<br><br>FOR TAX YEAR 2011<br>FOR TAX YEAR 2012<br><br>SOLD REAL ESTATE TAXES | | X | | 14,400 | 14,400 | 0 |
| Account No.13-27-221-037-1001<br><br>COOK COUNTY CLERK<br>TAX REDEMPTION OFFICE<br>69 W Washington St #500<br>Chicago IL 60602<br>312-603-5656<br>2954 N PULASKI RD #1 | | | FOR TAX YEAR 2011<br>FOR TAX YEAR 2012<br><br>REAL ESTATE TAXES | | X | | 8,500 | 8,500 | 0 |
| Account No.13-27-221-037-1002<br><br>COOK COUNTY CLERK<br>TAX REDEMPTION OFFICE<br>69 W Washington St #500<br>Chicago IL 60602<br>312-603-5656<br>2954 N PULASKI RD #2 | | | FOR TAX YEAR 2011<br>FOR TAX YEAR 2012<br><br>REAL ESTATE TAXES | | X | | 4,300 | 4,300 | 0 |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

|  | Subtotals▶<br>(Totals of this page) | $52,200 | $52,200 | |
|---|---|---|---|---|
| | Total▶<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| | Totals▶<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

B6E (Official Form 6E) (12/07) – Cont.

In re  COPPOLA, LEONARDO GABRIEL                ,          Case No. _____
Debtor                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. 13-27-221-037-1003 <br><br> COOK COUNTY CLERK <br> TAX REDEMPTION OFFICE <br> 69 W Washington St #500 <br> Chicago IL 60602 <br> 312-603-5656 <br> 2954 N PULASKI RD #3 CHI 60641 | | | FOR TAX YEAR 2011 <br> FOR TAX YEAR 2012 <br><br> REAL ESTATE TAXES | | X | | 5,100 | 5,100 | 0 |
| Account No. 13-26-303-026 <br><br> COOK COUNTY CLERK <br> TAX REDEMPTION OFFICE <br> 69 W Washington St #500 <br> Chicago IL 60602 <br> 312-603-5656 <br> 2705 HAMLIN, CHICAGO 60647 | | | FOR TAX YEAR 2010 <br> FOR TAX YEAR 2011 <br> FOR TAX YEAR 2012 <br><br> REAL ESTATE TAXES | | X | | 2,800 | 2,800 | 0 |
| Account No. 13-34-426-038 <br><br> COOK COUNTY CLERK <br> TAX REDEMPTION OFFICE <br> 69 W Washington St #500 <br> Chicago IL 60602 <br> 312-603-5656 <br> 1654 N KEELER CHICAGO 60639 | | | FOR TAX YEAR 2010 <br> FOR TAX YEAR 2011 <br> FOR TAX YEAR 2012 <br><br> REAL ESTATE TAXES | | X | | 4,700 | 4,700 | 0 |
| Account No. | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals► (Totals of this page)   $ 12,600   $ 12,600

Total► (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)   $ 64,800

Totals► (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)   $ 64,800   $ 0

B6F (Official Form 6F) (12/07)

In re   COPPOLA, LEONARDO /COPPOLA, CLAUDIA   ,                    Case No. _____
           **Debtor**                                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    4606 <br><br> CHASE BANK - CARD MEMBER <br> PO BOX 15153 <br> WILMINGTON DE 19886-5153 <br> 800-346-5538 | | J | 02/2013 <br> REVOLVING CREDIT <br> CONSUMER ACCOUNT | | | | 35,000 |
| ACCOUNT NO.    9642 <br><br> CHASE BANK NA <br> PO BOX 15153 <br> WILMINGTON DE 19886-5153 | X | H | 02/2013 <br> REVOLVING BUSINESS CREDIT <br> MAKENDY INVESTMENT CORP | | | | 22,000 |
| ACCOUNT NO.    1003 <br><br> AMERICAN EXPRESS <br> BOX 0001 <br> LOS ANGELES CA 90096-8000 | X | H | 03/2013 <br> REVOLVING BUSINESS CREDIT <br> MAKENDY INC | | | | 26,000 |
| ACCOUNT NO.    5775 <br><br> CITI BANK <br> PROCESSING CENTER <br> DES MOINES IA 50363-0005 | | J | 02/2013 <br> REVOLVING CREDIT <br> CONSUMER ACCOUNT | | | | 17,000 |

___3___ continuation sheets attached

Subtotal▶  $ 100,000

Total▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re COPPOLA, LEONARDO /COPPOLA, CLAUDI/,                    Case No. _____
           Debtor                                                                                (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7714120449431808<br><br>SAMS CLUB / GECRB<br>PO BOX 530942<br>ATLANTA GA 30353 | | W | 02/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 3,800 |
| ACCOUNT NO. 7714210449431808<br><br>SAMS CLUB / GECRB<br>PO BOX 530942<br>ATLANTA GA 30353 | | H | 02/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 2,900 |
| ACCOUNT NO.    8716<br><br>HOMEDEPOT / CITI BANK<br>PO BOX 790411<br>ST LOUIS MO 63179 | X | H | 02/2013<br>REVOLVING BUSINESS CREDIT<br>MAKENDY INC | | | | 11,000 |
| ACCOUNT NO.    9775<br><br>MENARDS / CAPITALONE<br>2300 W HIGGINS RD<br>HOFFMAN ESTATES IL 60196 | X | H | 12/2011<br>REVOLVING BUSINESS CREDIT<br>MAKENDY INC | | | | 9,000 |
| ACCOUNT NO.    2377<br><br>TJ MAXX<br>PO BOX 530948<br>ATLANTA GA 30353 | | H | 02/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 1,100 |

Sheet no. _1_ of _3_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

✓ Subtotal▶    $ 27,800

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re COPPOLA, LEONARDO /COPPOLA, CLAUDIA ,                    Case No. _____
_____Debtor                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   7380<br><br>AMAZON VISA<br>CARDMEMBER SERVICE<br>PO BOX 15153<br>WILMINGTON DE 19886-5153 | | H | 02/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 6,000 |
| ACCOUNT NO.   0000<br><br>PAYPAL<br>BILL ME LATER<br>PO BOX 105658<br>ATLANTA GA 30348 | | H | 02/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 2,700 |
| ACCOUNT NO.   6174<br><br>TJX REWARDS CARD<br>PO BOX 530948<br>ATLANTA GA 30353-0948 | | H | 02/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 600 |
| ACCOUNT NO.   31803<br><br>MIDWEST BONE & JOINT<br>2350 ROYAL BLVD #200<br>ELGIN IL 60123 | | H | 12/2012<br>MEDICAL SERVICES<br>CONSUMER ACCOUNT | | | | 45 |
| ACCOUNT NO.   376482<br><br>FOX VALLEY LAB PHYSICIANS<br>PO BOX 5133<br>CHICAGO IL 60680-5133 | | H | 01/2013<br>MEDICAL SERVICES<br>CONSUMER ACCOUNT | | | | 220 |

Sheet no. _2_ of _3_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

✓ Subtotal▶   $ 9,565

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re    COPPOLA, LEONARDO GABRIEL        ,         Case No. _____
                        Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1241477<br><br>DENTAL WORKS<br>DCP ILLINOIS<br>PO BOX 31583<br>INDEPENDENCE OH 44131 | X | W | 02/2013<br>MEDICAL<br>CONSUMER ACCOUNT | | | | 1,020 |
| ACCOUNT NO.  11-M1-400718<br><br>CITY OF CHICAGO<br>CORPORATION COUNSEL<br>30 N LASALLE #800<br>CHICAGO IL 60602 | X | H | 03/2011<br>HOUSING COURT LAW SUIT<br>ACTIVE LITIGATION<br>COOK COUNTY 11-M1-400718 | X | X | X | 22,000 |
| ACCOUNT NO.  7291<br><br>DISCOVER<br>PO BOX 6103<br>CAROL STREAM IL 60197-6103 | | W | 01/2013<br>REVOLVING CREDIT<br>CONSUMER ACCOUNT | | | | 3,000 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. 3 of 3 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ 26,020

Total► $ 163,385
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re <u>COPPOLA, LEONARDO /COPPOLA, CLAUDIA</u> ,       Case No._____
                    **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B6H (Official Form 6H) (12/07)

In re ___COPPOLA, LEONARDO GABRIEL___ ,                    Case No. _____
                         **Debtor**                                        (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| MAKENDY INVESTMENT CORPORATION<br>1751D W HOWARD ST #248<br>CHICAGO IL 60626 | PROVEST REALTY SERVICES INC<br>150 N MICHIGAN AVENUE #2800<br>CHICAGO IL 60601 |
| MAKENDY INVESTMENT CORPORATION<br>1751D W HOWARD ST #248<br>CHICAGO IL 60626 | EDGEBROOK BANK<br>6000 W TOUHY AVE #1<br>CHICAGO IL 60646 |
| MAKENDY INVESTMENT CORPORATION<br>1751D W HOWARD ST #248<br>CHICAGO IL 60626 | CHASE BANK NA<br>PO BOX 15153<br>WILMINGTON DE 19886-5153 |
| MAKENDY INVESTMENT CORPORATION<br>1751D W HOWARD ST #248<br>CHICAGO IL 60626 | AMERICAN EXPRESS<br>BOX 0001<br>LOS ANGELES CA 90096-8000 |
| MAKENDY INVESTMENT CORPORATION<br>1751D W HOWARD ST #248<br>CHICAGO IL 60626 | MENARDS<br>2300 W HIGGINS RD<br>HOFFMAN ESTATES IL 60196 |
| MAKENDY INVESTMENT CORPORATION<br>1751D W HOWARD ST #248<br>CHICAGO IL 60626 | HOMEDEPOT/CITI BANK<br>PO BOX 790411<br>ST LOUIS MO 63179 |
| WELLINGTON & PULASKI CONDO ASSOCIATION ET AL<br>1751D W HOWARD ST<br>CHICAGO IL 60626 | CITY OF CHICAGO<br>CORPORATION COUNSEL<br>30 N LASALLE #800<br>CHICAGO IL 60602 |

B6I (Official Form 6I) (12/07)

In re  COPPOLA, LEONARDO /COPPOLA, CLAUDIA    ,    Case No. _____
       **Debtor**                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status: M | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): ▓▓▓▓▓▓  SON (JUG) | AGE(S): 15 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | SELF EMPLOYED | CUSTOMER SERVICE REP |
| Name of Employer | SELF | UNITED AIRLINES |
| How long employed | SELF EMPLOYED 4 YEARS | 8 MONTHS |
| Address of Employer | 1751D W HOWARD ST #248 CHICAGO IL 60626 | PO BOX 66100 CHICAGO IL 60666-0100 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0 | $ 1,700 |
| 2. Estimate monthly overtime | $ 0 | $ 0 |
| 3. SUBTOTAL | $ 0 | $ 1,700 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0 | $ 288 |
| b. Insurance | $ 0 | $ 57 |
| c. Union dues | $ 0 | $ 113 |
| d. Other (Specify): _____ | $ 0 | $ 0 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0 | $ 458 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0 | $ 1,242 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0 | $ 0 |
| 8. Income from real property | $ 750 | $ 0 |
| 9. Interest and dividends | $ 0 | $ 0 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0 | $ 0 |
| 11. Social security or government assistance (Specify):_____ | $ 0 | $ 0 |
| 12. Pension or retirement income | $ 0 | $ 0 |
| 13. Other monthly income (Specify):MOTOROLA - PART TIME SELF-EMPLOYED THERAPIST | $ 0 | $ 434 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 750 | $ 434 |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 750 | $ 1,676 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,426 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

H - ACTIVELY SEEKING FULL TIME EMPLOYMENT
H- ANTICIPATED LOSS OF RENTAL INCOME FROM BANKRUPTCY DISCHARGE
W - ANTICIPATE WAGE INCREASE - UNITED AIRLINES

B6J (Official Form 6J) (12/07)

In re   COPPOLA, LEONARDO /COPPOLA, CLAUDIA ,          Case No. _____
                    **Debtor**                                                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 591 |
|    a. Are real estate taxes included?        Yes _____    No ✓ | |
|    b. Is property insurance included?         Yes _____    No ✓ | |
| 2. Utilities:   a. Electricity and heating fuel | $245 |
|       b. Water and sewer | $ 53 |
|       c. Telephone | $210 |
|       d. Other  HOME INSURANCE | $ 115 |
| 3. Home maintenance (repairs and upkeep) | $ 0 |
| 4. Food | $ 750 |
| 5. Clothing | $ 0 |
| 6. Laundry and dry cleaning | $ 0 |
| 7. Medical and dental expenses | $ 0 |
| 8. Transportation (not including car payments) | $500 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0 |
| 10.Charitable contributions | $ 0 |
| 11.Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ 115 |
|    b. Life | $ 425 |
|    c. Health | $ 0 |
|    d. Auto | $ 75 |
|    e. Other _____ | $ 0 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) _____  REAL ESTATE TAXES FOR HOME _____ | $ _____ |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 0 |
|    b. Other _____  CREDIT CARDS _____ | $550 |
|    c. Other _____ | $ 0 |
| 14. Alimony, maintenance, and support paid to others | $ 0 |
| 15. Payments for support of additional dependents not living at your home | $ 0 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0 |
| 17. Other _____ | $ 0 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $3,629 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

## TERMINATE CREDIT CARD PAYMENTS / TERMINATE LIFE INSURANCE

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
|    a. Average monthly income from Line 15 of Schedule I | $2,426 |
|    b. Average monthly expenses from Line 18 above | $3,629 |
|    c. Monthly net income (a. minus b.) | $ -1,203 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re COPPOLA, LEONARDO/CLAUDIA,                              Case No. _____
_____                                                         (if known)
Debtor



# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 03/19/2013 _____          Signature: **LEONARDO G COPPOLA**
                                                                            Debtor

Date _____ 03/19/2013 _____          Signature: **CLAUDIA A COPPOLA**
                                                                      (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any,                       Social Security No.
of Bankruptcy Petition Preparer                                   *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____
Signature of Bankruptcy Petition Preparer                    _____
                                                                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____

                                                               _____
                                                               [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (12/12)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re:  COPPOLA, LEONARDO GABRIEL      ,          Case No. _____
_____Debtor_____                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

$4,993.00          (D) RE RENT 01/01 TO 03/18/2013 CY2012=9,000 CY2011=9,000
                   (CD) YTD=2,742.42 CY2012=19,636  CY2011=10,960

B 7 (12/12)                                                                                    2

**2.  Income other than from employment or operation of business**

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a
joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

AMOUNT                              SOURCE

---

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☑

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of
goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of
this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or
as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling
agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made*
within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk
(*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors
filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| SEE "ATTACHMENT A - CREDITOR PAYMENTS" | | | |

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or
after the date of adjustment.*

B 7 (12/12)

3

**None**
☑

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None**
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

SEE "ATTACHMENT B - LITIGATION"

**None**
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

SEE "ATTACHMENT C - LEGAL ATTACHMENTS"

---

### 5. Repossessions, foreclosures and returns

**None**
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

B 7 (12/12)

4

### 6.  Assignments and receiverships

 None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

 None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7.  Gifts

 None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.  Losses

 None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed:)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B 7 (12/12)                                                                                                    5

**9.   Payments related to debt counseling or bankruptcy**



List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| 001 DEBTORCC, INC | 03/17/2013 | $19.90 |

---

**10.   Other transfers**



a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|



b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.   Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

B 7 (12/12)                                                                                                                                    6

**12. Safe deposit boxes**



List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**



List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**



List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**



If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B 7 (12/12)

7

**16. Spouses and Former Spouses**

None


If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None


a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None


b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

---

**18. Nature, location and name of business**

None

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B 7 (12/12)                                                                                          8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| MAKENDY INV CORP | 36-4431728 | 2954 N PULASKI RD #A CHI ILL 60641 | PROPERTY MANAGEMENT | 04/2001 TO PRESENT |

 None ☑  b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                      ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

 None ☑  a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                      DATES SERVICES RENDERED

None ☑  b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                     ADDRESS                     DATES SERVICES RENDERED

B 7 (12/12)                                                                                           9

None
☑   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the
books of account and records of the debtor.  If any of the books of account and records are not available, explain.

NAME                                                      ADDRESS


None
☐   d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                          DATE ISSUED

EDGEBROOK BANK                                            12/31/2011
6000 W TOUHY #1, CHICAGO IL 60646

---

**20.  Inventories**

None
☑   a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR        DOLLAR AMOUNT
                                                     OF  INVENTORY
                                                     (Specify cost, market or other basis)


None
☑   b.  List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

DATE OF INVENTORY                                    NAME AND ADDRESSES
                                                     OF CUSTODIAN
                                                     OF INVENTORY RECORDS

---

**21 .  Current Partners, Officers, Directors and Shareholders**

None
☑   a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

NAME AND ADDRESS          NATURE OF INTEREST    PERCENTAGE OF INTEREST


None
☑   b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
corporation.

NAME AND ADDRESS              TITLE          NATURE AND PERCENTAGE
                                            OF STOCK OWNERSHIP

B 7 (12/12)
10

**22 . Former partners, officers, directors and shareholders**

None


a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS                  DATE OF WITHDRAWAL

None


b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE                    DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

None


If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS              DATE AND PURPOSE          AMOUNT OF MONEY
OF RECIPIENT,               OF WITHDRAWAL             OR DESCRIPTION
RELATIONSHIP TO DEBTOR                                AND VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None


If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None


If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND              TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

B 7 (12/12)                                                                                                11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  03/19/2013 _____  Signature
                                     of Debtor      LEONARDO G COPPOLA _____

Date  03/19/2013 _____  Signature of
                                     Joint Debtor
                                     (if any)       CLAUDIA A COPPOLA _____

_____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____    Signature _____

                                    Print Name and
                                    Title           _____

        *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

                    ____continuation sheets attached

        *Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

## UNITED STATES BANKRUPTCY COURT

IN RE:   **COPPOLA, LEONARDO GABRIEL**   Case No.: ILNB  13-_____
**COPPOLA, CLAUDIA A CASCONE**

ATTACHMENT A - CREDITOR PAYMENTS

### STATEMENT OF FINANCIAL AFFAIRS

QUESTION 3.   PAYMENTS TO CREDITORS

SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| NAME/ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| BANK OF AMERICA | 12/20/2012 | 321 | 68,200 |
| PO BOX 650225 | 01/14/2013 | 332 | |
| DALLAS TX 75265 | 02/15/2013 | 333 | |
| CHASE BANK NA | 12/17/2012 | 275 | 150,200 |
| PO BOX 9001020 | 01/14/2013 | 284 | |
| LOUISVILLE KY 40290 | 03/04/2013 | 309 | |

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| NAME/ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| CHASE VISA | 12/21/2012 | 250 | 35,000 |
| PO BOX 15156 | 01/14/2013 | 117 | |
| WILMINGTON DE 19886 | 02/15/2013 | 175 | |
| CITI MASTERCARD | 12/20/2012 | 200 | 17,000 |
| PROCESSING CENTER | 01/11/2013 | 20 | |
| DES MOINES IA 50363 | 02/14/2013 | 20 | |
| SAMS CLUB | 12/17/2012 | 187 | 2,900 |
| PO BOX 530942 | 01/14/2013 | 25 | |
| ATLANTA GA 30353 | 02/15/2013 | 25 | |

# UNITED STATES BANKRUPTCY COURT

IN RE:    **COPPOLA, LEONARDO GABRIEL**    Case No.: ILNB   13-_____
           **COPPOLA, CLAUDIA A CASCONE**

## ATTACHMENT B - LITIGATION

### STATEMENT OF FINANCIAL AFFAIRS

QUESTION 4.a    Suits and administrative proceedings, executions, garnishments and attachments

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| EDGEBROOK BANK v COPPOLA, LEONARDO 2012-L-051237 | CONFESSION OF JUDGMENT | CIRCUIT COURT OF COOK COUNTY IL | JUDGMENT FOR PLAINTIFF |
| EDGEBROOK BANK v CASCONE, CLAUDIA 2012-051195 | CONFESSION OF JUDGMENT | CIRCUIT COURT OF COOK COUNTY IL | JUDGMENT FOR PLAINTIFF |

## ATTACHMENT C - LEGAL ATTACHMENTS

| NAMES AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND AND VALUE OF PROPERTY | |
|---|---|---|---|
| EDGEBROOK BANK 6000 W TOUHY AVE #1 CHICAGO, IL 60646 | IN PROCESS OF SEEKING RECEIVER | 6724 ECHO LANE 2139 N KEDVALE 2542 N MASON 7612 CUMBERLAND | $300,000 $ 50,000 $150,000 $125,000 |